UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
    UNITED STATES OF AMERICA                                  :
                                                              :
                    -against-                                 :          19 Crim. 281 (LGS)
                                                              :
    LINCOLN ACOSTA-VENTURA,                                   :
                                      Defendant.  :          <u>ORDER</u>
------------------------------------------------------------- X


LORNA G. SCHOFIELD, District Judge:

**<u>BACKGROUND</u>**

    WHEREAS, Defendant was arrested on April 3, 2019, and held without bail.  On

December 3, 2019, Defendant pleaded guilty to charges of conspiracy to distribute and possess

with intent to distribute fentanyl.  Defendant was sentenced to a mandatory minimum term of 60

months' incarceration.

    WHEREAS, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. §

3582(c)(1)(A) in January 2022, based on the risk of COVID-19 at the Giles W. Dalby

Correctional Institution in Post, Texas, where he is housed.

    WHEREAS, Defendant argues two grounds for finding extraordinary and compelling

reasons to warrant a reduction of his sentence: (1) Defendant's documented health conditions,

including high blood pressure and diabetes, place him at heightened risk for COVID-19's worst

symptoms, and (2) the Bureau of Prisons ("BOP") is ill-equipped to properly care for an at-risk

inmate like Defendant, particularly in light of the emergence of the Omicron variant.  Defendant

submitted medical and other records in support of his motion.  On February 1, 2022, the

Government filed a response in opposition to the motion and updated medical records for

Defendant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

WHEREAS, the parties do not dispute that Defendant has exhausted his administrative remedies as to his arguments related to COVID-19, and that the motion was filed properly.

## "EXTRAORDINARY AND COMPELLING REASONS"

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that "the court . . . may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

WHEREAS, when assessing a motion for compassionate release brought by a defendant, district courts have the discretion "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons exist to justify his request for a sentence reduction. *See United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).

WHEREAS, Defendant is forty-six years old and suffers from hypertension, diabetes, hyperlipidemia (high cholesterol) and obesity.

WHEREAS, the Centers for Disease Control has stated that people of any age with certain underlying medical conditions are at an increased risk for severe illness from the virus

that causes COVID-19.  Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19."  *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020).

WHEREAS, Defendant has not demonstrated that the risk of contracting COVID-19 constitutes extraordinary and compelling circumstances warranting a sentence reduction. Although hypertension, diabetes, obesity and hyperlipidemia may increase a person's risk of severe health complications from COVID-19, Defendant's health records show that these medical conditions are being treated and that he is fully vaccinated against COVID-19. Defendant's most recent medical assessment from December 2021, states that he suffers from "Mild" diabetes and that he is not insulin dependent.  The assessment also states that his diabetes, hypertension and lipids are "Well Controlled," and the degree of control for these conditions are "Good."

WHEREAS, although some courts in this circuit have granted compassionate release in cases where defendants suffered from diabetes, hypertension, obesity and hyperlipidemia, or a combination of those conditions, most of those cases were decided prior to the availability of the COVID-19 vaccine, and/or involved defendants with additional, significant risk factors.  *See, e.g., United States v. Zukerman*, 451 F. Supp. 3d 329, 330 (S.D.N.Y. 2020) (granting compassionate release where defendant was 75 years old and suffered from diabetes, hypertension, and obesity); *United States v. Salvagno*, 456 F. Supp. 3d 420, 422 (N.D.N.Y. 2020) (granting compassionate release where defendant suffered from hypertension); *United States v. Spencer*, No. 4 Crim. 1156, 2020 WL 3893610, at *5 (S.D.N.Y. July 10, 2020) (granting compassionate release where defendant had hypertension, a congenital heart defect, chronic kidney disease and potentially Type 2 diabetes).  Since the development of the COVID-

19 vaccine, however, many courts have declined to consider these conditions as extraordinary and compelling reasons warranting a sentence reduction, particularly in cases where the Defendant was fully vaccinated. *See, e.g.*, *United States v. Felix*, No. 16 Crim. 167, 2022 WL 281279, at *3 (S.D.N.Y. Jan. 31, 2022) (denying compassionate release and finding that fully vaccinated defendant who suffered from obesity, diabetes, high blood pressure and asthma was not at a "high risk of contracting severe illness or death as a result of COVID-19"); *United States v. Delgado*, No. 19 Crim. 732, 2022 WL 252064, at *3 (S.D.N.Y. Jan, 27, 2022) (denying compassionate release and finding that "[b]ecause he is fully vaccinated, [Defendant's] medical conditions—chronic hypertension, obesity, diabetes, hyperlipidemia . . . —do not place him at a considerably increased risk of severe illness from COVID-19"); *United States v. Bennett*, No. 13 Crim. 17S (1), 2021 WL 2410535, at *4 (W.D.N.Y. June 14, 2021) (denying compassionate release and finding that diabetes, hypertension, hyperlipidemia, and obesity did not constitute extraordinary and compelling reasons for sentence reduction); *United States v. Deleston*, No. 15 Crim. 113, 2021 WL 1731779, at *1 (S.D.N.Y. May 3, 2021) (denying compassionate release for unvaccinated defendant who suffered from "Type 2 diabetes, hypertension or high blood pressure, other unspecified hyperlipidemia and obesity").

WHEREAS, the COVID-19 vaccine, which Defendant received, has been shown to be effective at preventing serious cases of COVID-19. *See United States v. Kosic*, No. 18 Crim. 30, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021) (denying compassionate release where Defendant had received the first dose of the Moderna vaccine and explaining that "courts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that his health conditions weighing in favor of release are no longer extraordinary and compelling"). Even with the emergence of variants, including Omicron, the vaccine is still

highly effective at preventing death and serious injury, especially for individuals who have received a booster, which the BOP has made available since October 2021.  *See, e.g., United States v. Labarca*, No. 11 Crim. 12, 2022 WL 203166, at *5 (S.D.N.Y. Jan. 24, 2022) ("While courts have recognized that breakthrough infections have occurred in vaccinated people due to the Delta [and Omicron] variant[s][,] . . . the vaccine is still highly effective at preventing death and serious injury, even against the Delta and Omicron variants.") (alterations in original) (internal quotation marks omitted); *United States v. Vasquez*, No. 17 Crim. 232-4, 2022 WL 119233, at *4 (denying compassionate release and finding that vaccinated defendant's "risk of severe illness and death is low" and that "[t]he Omicron variant does not change [defendant's] risk level"); Ctrs. for Disease Control and Prevention, *Omicron Variant: What You Need to Know* (Feb. 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html ("Current vaccines are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant."); FED. BUREAU OF PRISONS, COVID-19 VACCINE GUIDANCE (2021), https://www.bop.gov/resources/pdfs/covid_19_vaccine_guidance_v14_0_2021.pdf.

WHEREAS, Defendant's medical conditions and the BOP's alleged inability to care properly for Defendant do not meet the extraordinary and compelling standard on this record. The Defendant's medical records show that his conditions are being treated and that they are not severe.  Defendant has been regularly seen by prison medical staff, including as recently as December 13, 2021, and the staff are actively managing his conditions, including by taking Defendant's bloodwork regularly, monitoring Defendant's medication, and educating Defendant about diet, exercise and risk factors.  Defendant's medical records show that, notwithstanding COVID-19 restrictions, Defendant has received regular access to medical, dental and optometry

care, including visits in September, October, November, and December 2021.  Defendant has received, and continues to receive medical care, and on two separate occasions Defendant was reported to have "Good" control of his hypertension, diabetes and hyperlipidemia.

WHEREAS, while Defendant notes generally that MDC cases have recently increased, he does not cite to any information about the number of COVID cases at the private facility where he is being housed.  The Government states that as of February 1, 2022, the facility had only three active inmate cases.

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion for compassionate release is **DENIED**.  The Clerk of Court is respectfully directed to close the motion at Docket No. 60.

Dated: February 17, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE